**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **RICHARD FRENCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 2:26-cv-40** |
| | ) | |
| **BP PIPELINES (NORTH AMERICA) INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Serve Registered Agent:** | ) | |
|     **CT CORPORATION SYSTEM** | ) | |
|     **5661 Telegraph Rd., Suite 4B** | ) | |
|     **St. Louis, MO 63129** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BP PRODUCTS NORTH AMERICA INC.,** | ) | |
| **Serve Registered Agent:** | ) | |
|     **CT CORPORATION SYSTEM** | ) | |
|     **5661 Telegraph Rd., Suite 4B** | ) | |
|     **St. Louis, MO 63129** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BP CORPORATION NORTH AMERICA INC.,** | ) | |
| **Serve Registered Agent:** | ) | |
|     **CT CORPORATION SYSTEM** | ) | |
|     **5661 Telegraph Rd., Suite 4B** | ) | |
|     **St. Louis, MO 63129** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TEAM MANAGEMENT AND CONSULTING, LLC,** | ) | |
| **Serve Registered Agent:** | ) | |
|     **David Hoke** | ) | |
|     **6873 Johnston St.** | ) | |
|     **Lafayette, LA 70503** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ROYCE HANSON,** | ) | |
| **Serve:** | ) | |
|     **201 S. Roosevelt St.** | ) | |
|     **Springhill, LA 71075** | ) | |

)

**Defendants.**                )

## COMPLAINT

COMES NOW Plaintiff Richard French ("Plaintiff"), and states as follows for his

Complaint against Defendants:

## PLAINTIFF RICHARD FRENCH

1.      Plaintiff is a natural person over the age of eighteen and is a citizen of the State

Missouri.

## DEFENDANT BP PIPELINES (NORTH AMERICA) INC.

2.      Defendant BP Pipelines (North America) Inc. ("BP Pipelines") is a Maine

corporation with its principal place of business in Illinois.

3.      BP Pipelines is a citizen of Maine and Illinois.

4.      At all times relevant, Defendant BP Pipelines was authorized to do and is doing

business in the State of Missouri.

5.      On the date hereinafter mentioned, Defendant BP Pipelines was the owner or

occupier of the property that caused Plaintiff's damages and/or exclusively possessed, utilized or

had the right to control this property.

6.      At all relevant times hereinafter mentioned, Defendant BP Pipelines' agents

and/or employees were acting within the scope and course of their employment.

## DEFEENDANT BP PRODUCTS NORTH AMERICA INC.

7.      Defendant BP Products North America Inc. ("BP Products") is a Florida

corporation with its principal place of business in Illinois.

8.      BP Products is a citizen of Florida and Illinois.

9.     At all times relevant, Defendant BP Products was authorized to do and is doing business in the State of Missouri.

10.     On the date hereinafter mentioned, Defendant BP Products was the owner or occupier of the property that caused Plaintiff's damages and/or exclusively possessed, utilized or had the right to control this property.

11.     At all relevant times hereinafter mentioned, Defendant BP Products' agents and/or employees were acting within the scope and course of their employment.

**DEFENDANT BP CORPORATION NORTH AMERICA INC.**

12.     Defendant BP Corporation North America Inc. ("BP Corp") is an Indiana corporation with its principal place of business in Texas.

13.     BP Corp is citizen of Indiana and Texas.

14.     At all times relevant, Defendant BP Corp was authorized to do and is doing business in the State of Missouri.

15.     On the date hereinafter mentioned, Defendant BP Corp was the owner or occupier of the property that caused Plaintiff's damages and/or exclusively possessed, utilized or had the right to control this property.

16.     At all relevant times hereinafter mentioned, Defendant BP Corp's agents and/or employees were acting within the scope and course of their employment.

**THE "BP DEFENDANTS"**

17.     Defendant BP Pipelines, Defendant BP Products, and Defendant BP Corp shall hereinafter be referred to jointly as the "BP Defendants."

**DEFENDANT TEAM MANAGEMENT AND CONSULTING LLC.**

18.     Defendant Team Management and Consulting LLC ("Team") is a Louisiana limited liability company with its principal place of business in Louisiana.

19.    Upon information and belief, the only members of Team are David Walker and David Hoke, both of whom are citizens of the State of Louisiana.

20.    Team is a citizen of Louisiana.

21.    At all times relevant, Defendant Team was authorized to do and is doing business in the State of Missouri.

22.    At all relevant times hereinafter mentioned, Defendant Team's agents and/or employees were acting within the scope and course of their employment.

**DEFENDANT ROYCE HANSON**

23.    Defendant Royce Hanson ("Hanson") is a natural person over the age of eighteen and is a citizen of the State of Louisiana.

24.    At all relevant times hereinafter mentioned, Defendant Hanson was an agent and/or employee of Defendant Team and was acting within the scope and course of such agency and/or employment.

25.    At all relevant times hereinafter mentioned, Defendant Hanson was an actual and/or apparent agent of one or more of the BP Defendants and was acting within the scope and course of such actual and/or apparent agency.

**JURISDICTION AND VENUE**

26.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different States.

27.    Plaintiff is a citizen of Missouri and no Defendant is a citizen of Missouri.

28.    This Court has personal jurisdiction over each Defendant under Fed. R. Civ. P. 4(k)(1)(A), Mo. Rev. Stat. §§ 506.500.1(1), 506.500.1(3), and, as to each Defendant that owned, used, possessed, operated, maintained, or controlled the pipeline, easement, worksite, or other

property at issue pursuant to § 506.500.1(4). Plaintiff's claims arise from Defendants' Missouri contacts, including Missouri pipeline and worksite operations, Missouri property ownership, use, or possession, and tortious acts and omissions committed in Missouri.

29.     Defendant BP Pipelines is subject to specific personal jurisdiction in Missouri because, directly and/or through its agents, it owned, operated, maintained, possessed, used, or controlled the pipeline and worksite property in Monroe County, Missouri; transacted business in Missouri relating to that pipeline and worksite; and committed tortious acts or omissions in Missouri that caused or contributed to Plaintiff's injuries.

30.     Defendant BP Products is subject to specific personal jurisdiction in Missouri because, directly and/or through its agents, it owned, operated, maintained, possessed, used, or controlled the pipeline and worksite property in Monroe County, Missouri; transacted business in Missouri relating to that pipeline and worksite; and committed tortious acts or omissions in Missouri that caused or contributed to Plaintiff's injuries.

31.     Defendant BP Corp is subject to specific personal jurisdiction in Missouri because, directly and/or through its agents, it owned, operated, maintained, possessed, used, or controlled the pipeline and worksite property in Monroe County, Missouri; transacted business in Missouri relating to that pipeline and worksite; and committed tortious acts or omissions in Missouri that caused or contributed to Plaintiff's injuries.

32.     Defendant Team is subject to specific personal jurisdiction in Missouri because it entered Missouri to perform work, provide services, and supervise or coordinate worksite activities at or concerning the Monroe County, Missouri worksite, and because Plaintiff's claims arise from Team's tortious acts and omissions in Missouri.

33.     Defendant Hanson is subject to specific personal jurisdiction in Missouri because he entered Missouri to perform work, provide services, and supervise or coordinate worksite activities at or concerning the Monroe County, Missouri worksite, and because Plaintiff's claims arise from Hanson's tortious acts and omissions in Missouri.

34.     This Court's exercise of personal jurisdiction over each Defendant comports with due process because each Defendant purposefully directed conduct to Missouri, purposefully availed itself of the privilege of conducting activities in and/or owning property in Missouri, and Plaintiff's claims arise out of or relate to those Missouri contacts.

35.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Monroe County, Missouri, and a substantial part of the property that is the subject of this action, including the pipeline and worksite, was situated in Monroe County, Missouri.

**FACTS OF THE OCCURRENCE**

36.     On November 6, 2021, Plaintiff was working on a fuel pipeline that was owned, operated, maintained, or controlled by the BP Defendants and was located in Monroe County, Missouri (the "Pipeline").

37.     Before the incident, the Pipeline had been excavated and lay exposed in a large trench at the worksite.

38.     Plaintiff was working in and around the trench and near the exposed Pipeline to weather coat the Pipeline.

39.     The exposed Pipeline presented a known and foreseeable risk of movement, including lateral movement, bowing, or "snaking" if flow, temperature, pressure, or operating conditions were changed in an unsafe or uncoordinated manner.

40.     The known phenomenon termed "thermal expansion" can cause a pipeline to move suddenly and with substantial force.  Defendants knew or, in the exercise of ordinary care, should have known of that risk.

41.     Defendant Hanson was present at the worksite on November 6, 2021.

42.     Defendant Hanson was responsible, in whole or in part, for supervising and insuring safety at the worksite by, including but not limited to, communicating with the BP Defendants' personnel and the BP Defendants' control center in Tulsa, Oklahoma, regarding turning on, turning off, starting, stopping, adjusting, or otherwise controlling flow through the Pipeline.

43.     Defendants knew or should have known that improper communication, coordination, timing, or control of the Pipeline's flow could cause the exposed pipe to thermally expand and snake while workers were in or near the trench.

44.     As Plaintiff was in the trench, flow through the Pipeline was turned on, turned off, adjusted, or otherwise controlled improperly and without adequate communication, coordination, warning, clearance, safeguards, or protection for workers in the trench.

45.     As a result, the Pipeline underwent a thermal expansion event and snaked suddenly and forcefully.

46.     The Pipeline pinned and crushed Plaintiff against the trench wall.

47.     Plaintiff remained pinned until equipment was used by others to move the Pipeline enough to pry Plaintiff free.

48.     Plaintiff was transported immediately by air medevac for emergency medical treatment.

49.    Plaintiff sustained serious personal injuries as a direct and proximate result of the incident, including permanent brain damage.

## COUNT I - NEGLIGENCE AGAINST BP DEFENDANTS

50.    Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

51.    The BP Defendants owed Plaintiff a duty to use ordinary care under the circumstances to prevent foreseeable injury from the Pipeline.

52.    The BP Defendants owed Plaintiff a duty to use ordinary care under the circumstances in controlling, coordinating, and supervising Pipeline operations and flow conditions while Plaintiff was present in or near the trench.

53.    The BP Defendants owed Plaintiff a duty to use ordinary care under the circumstances to communicate and coordinate with its agents, representatives, control center, and other personnel regarding flow changes, pressure changes, temperature changes, shutdowns, startups, and other operating conditions that could cause Pipeline movement.

54.    The BP Defendants owed Plaintiff a duty to warn of known or reasonably knowable hazards associated with thermal expansion, pipe snaking, and unsafe flow changes while the Pipeline was exposed.

55.    The BP Defendants failed to use ordinary care under the circumstances in one or more of the following ways:

   a.    failed to control, coordinate, anticipate, plan, or manage the starting, stopping, or adjustment of flow through the Pipeline;

   b.    failed to ensure that the Pipeline was in a safe operating condition before allowing Plaintiff to enter or work near the trench;

c. failed to establish, implement, and enforce adequate policies and procedures to prevent the exposed Pipeline from snaking while Plaintiff was in the trench;

d. failed to warn Plaintiff of the risk that the exposed Pipeline could thermally expand and snake;

e. failed to ensure that Plaintiff was removed from the trench before flow or operating conditions were changed;

f. failed to provide or require adequate safeguards or other protections necessary to prevent Pipeline movement from injuring Plaintiff;

g. failed to inspect, monitor, and control the worksite and Pipeline conditions to protect Plaintiff from known hazards;

h. was otherwise careless and negligent under the facts and circumstances then existing.

56. The BP Defendants are responsible for their own negligent acts and omissions and for the negligent acts and omissions of their respective agents, representatives, and persons acting on their behalf, including but not limited to Defendant Team and Defendant Hanson.

**PLAINTIFF'S DAMAGES**

57. As a direct and proximate result of the BP Defendants' negligence, as more fully set forth above, Plaintiff sustained serious personal injuries, including but not limited to cardiac arrest, stroke, vocal cord damage, brain damage, vascular damage, right shoulder injury, and right upper extremity pain, weakness, numbness, and tingling.

58. As a direct and proximate result of the carelessness and negligence of the BP Defendants, as more fully set forth above, Plaintiff has been caused to experience great physical pain and mental anguish.

59.    As a direct and proximate result of the carelessness and negligence of the BP Defendants, as more fully set forth above, Plaintiff was caused restrictions to his physical activity which affected his enjoyment of life.

60.    As a direct and proximate result of the carelessness and negligence of the BP Defendants, as more fully set forth above, Plaintiff has lost wages and benefits.

61.    As a direct and proximate result of the negligence and carelessness of the BP Defendants, as set forth more fully above, Plaintiff has incurred medical costs for medical treatment and will incur medical costs into the future.

62.    The value of Plaintiff's damages exceeds $75,000, exclusive of interest and costs

WHEREFORE, Plaintiff requests judgment against Defendants BP Pipelines, BP Products, and BP Corp for such sums in excess of $75,000, exclusive of interest and costs, and as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## COUNT II - NEGLIGENCE AGAINST DEFENDANTS TEAM AND HANSON

63.    Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

64.    Defendant Team owed Plaintiff a duty to use ordinary care under the circumstances to prevent foreseeable injury from the Pipeline.

65.    Team owed Plaintiff a duty to use ordinary care under the circumstances in performing its work, acting as the BP Defendants' agent and representative at the worksite, coordinating worksite activities, communicating with the BP Defendants' personnel, and coordinating Pipeline-flow conditions while Plaintiff was present in or near the trench.

66.     Team owed Plaintiff a duty to use ordinary care under the circumstances to properly train, supervise, instruct, and control its employees and agents, including Hanson, regarding pipeline hazards, worker safety, worksite communications, and coordination with the BP Defendants' control center.

67.     Defendant Team failed to use ordinary care under the circumstances in one or more of the following respects:

a.  failed to coordinate and communicate Pipeline-flow conditions while Plaintiff was in or near the trench;

b.  failed to ensure that Defendant Hanson and others properly communicated with the BP Defendants' and the BP Defendants' control center regarding the turning on, turning off, starting, stopping, adjustment, or control of Pipeline flow;

c.  failed to ensure that Plaintiff was warned and cleared from the trench before Pipeline flow or operating conditions were changed;

d.  failed to implement or follow adequate policies and procedures to prevent thermal expansion and snaking of the exposed Pipeline while Plaintiff in the trench;

e.  failed to warn Plaintiff of the known or foreseeable risk that the exposed Pipeline could move suddenly and pin Plaintiff against the trench wall;

f.  failed to monitor, inspect, and control worksite conditions so that Plaintiff could safely perform his work;

g.  failed to adequately train, supervise, instruct, or control Defendant Hanson and other Defendant Team personnel regarding safe worksite communication practices pertaining to changes in Pipeline flow;

h. was otherwise careless and negligent under the facts and circumstances then existing.

68. At all relevant times, Defendant Hanson was acting within the course and scope of his employment with Team at the time of the incident.

69. Defendant Team is vicariously liable for the negligent acts and omissions of Defendant Hanson and other Defendant Team employees, agents, or representatives committed within the course and scope of their employment, agency, or work for Defendant Team.

70. Defendant Hanson owed Plaintiff a duty to use ordinary care under the circumstances to prevent foreseeable injury from the Pipeline.

71. Hanson owed Plaintiff a duty to use ordinary care under the circumstances in communicating with the BP Defendants, the BP Defendants' personnel, and the BP Defendants control center in Tulsa, Oklahoma, and others regarding Pipeline flow conditions while Plaintiff was in or near the trench.

72. Defendant Hanson owed Plaintiff a duty to use reasonable care under the circumstances to warn Plaintiff and ensure that Plaintiff was clear of the trench before Pipeline flow, pressure, temperature, or operating conditions were turned on, turned off, changed, adjusted, or otherwise controlled in a manner that could cause Pipeline movement.

73. Defendant Hanson failed to use ordinary care under the circumstances in one or more of the following respects:

i. failed to adequately communicate with the BP Defendants and the BP Defendants' control center about turning on, turning off, starting, stopping, adjusting, or otherwise controlling flow through the Pipeline;

j.  failed to ensure that flow through the Pipeline was not turned on, turned off, adjusted, or otherwise controlled unsafely while Plaintiff was entering or working in the trench;

k.  failed to warn Plaintiff and other workers before flow or operating conditions were changed;

l.  failed to ensure that Plaintiff was clear of the trench before Pipeline flow or operating conditions were changed;

m.  failed to appreciate and act upon the known and foreseeable risk that the exposed Pipeline could thermally expand and snake;

n.  failed to communicate accurate, timely, and complete information to the BP Defendants, Plaintiff, and others at the site regarding Pipeline flow conditions and hazards;

o.  failed to stop or delay unsafe Pipeline operations until the trench was clear and the worksite was safe; and

p.  was otherwise careless and negligent under the facts and circumstances then existing.

## PLAINTIFF'S DAMAGES

74.  As a direct and proximate result of the carelessness and negligence of Defendants Team and Hanson, as more fully set forth above, Plaintiff sustained serious personal injuries, including but not limited to cardiac arrest, stroke, vocal cord damage, brain damage, vascular damage, right shoulder injury, and right upper extremity pain, weakness, numbness, and tingling.

75.     As a direct and proximate result of the carelessness and negligence of Defendants Team and Hanson, as more fully set forth above, Plaintiff has been caused to experience great physical pain and mental anguish.

76.     As a direct and proximate result of the carelessness and negligence of Defendants Team and Hanson, as more fully set forth above, Plaintiff was caused restrictions to his physical activity which affected his enjoyment of life.

77.     As a direct and proximate result of the carelessness and negligence of Defendants Team and Hanson, as more fully set forth above, Plaintiff has lost wages and benefits.

78.     As a direct and proximate result of the carelessness and negligence of Defendants Team and Hanson, as set forth more fully above, Plaintiff has incurred medical costs for medical treatment and will incur medical costs into the future.

79.     The value of Plaintiff's damages exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Plaintiff requests judgment against Defendants Team and Hanson for sums in excess of $75,000, exclusive of interest and costs, and as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

**VOTAVA NANTZ & JOHNSON, LLC**

**BY:**     **/s/ *Brett Votava***
**BRETT VOTAVA           #51228(MO)**
**BRIAN DUKE             #75534(MO)**
**9237 Ward Parkway, Suite 100**
**Kansas City, MO 64114**
**(816) 895-8800      TEL**
**(816) 895-8801      FAX**
**bvotava@vnjlaw.com**
**bduke@vnjlaw.com**
**ATTORNEYS FOR PLAINTIFF**